### BICKFORD *v.* DAVIS and others.

*(Circuit Court, D. New Hampshire.* April 20, 1882.)

1. CONTRACT—SPECIFIC PERFORMANCE—EQUITY.

A contract which provides that one party shall use his skill and machinery in the manufacture of a certain article, while the other party agrees to purchase from him such manufactured article, to the extent of the market demand on condition that the manufacturer shall sell exclusively to him, as a general rule will not be ordered to be specifically performed by a court of equity, and especially where a specific performance has been rendered impossible by a sale to a third party of a half interest in the machinery employed.

2. SAME—INJUNCTION DENIED.

On execution, when specific performance cannot be decreed, the negative injunction against dealing with other persons, which is in its nature auxiliary to this relief, will not be issued; nor, where a contract is unequal, will it be enforced by injunction.

*Heyde, Dickeman & Howe* and *Burrows & Jewell,* for complainant.
*Wadleigh & Fish,* for defendants.

LOWELL, C. J. The plaintiff in his bill represents that the defendant Benjamin Davis was a skilful manufacturer of peg-wood, and owned the special machinery for that manufacture, which only one other person had the skill and machinery to make; and the plaintiff, being desirous to go into this business, bought one-half of certain machinery, tools, and stock of said Benjamin, and entered into partnership with him, but soon dissolved that connection, and made a contract with said Benjamin, March 25, 1881, for a term of three years, by which the said Benjamin agreed to make peg-wood exclusively for the plaintiff, in such quantities as he should order, delivered on board the cars at or near his factory at Rumney, at four cents a roll, and not to manufacture for any one else. The

plaintiff, on his part, agreed to pay said price for all peg-wood which should be delivered in pursuance of his orders, to the extent of the demand for the same, and to settle monthly.

The bill alleges that Benjamin Davis has contracted with his son, the defendant Charles F. Davis, to injure and defraud the plaintiff, by putting the business into the hands of Charles, who agrees to sell the peg-wood made at the factory to the plaintiff, and is about to sell to other persons. It prays that the defendants may be restrained from selling to any other person than the plaintiff, and may be required to carry out the contract.

The defendants allege that Benjamin Davis is old and feeble, and that the contract was obtained from him hastily, and under a promise to modify it if not satisfactory; that it has not been carried out in good faith by the plaintiff, and has so continued his orders for peg-wood as to give the defendant Benjamin unnecessary trouble and expense, and that, in fact, he has made nothing by five months' work under the contract. The plaintiff denies all this, and says he has done his best to make the business successful. Each party seems to think that the other is playing into the hands of one Sturtevant, who was the owner of a patent for making peg-wood, which gave him a monopoly of the business, until lately, when his patent expired. Since the bill was filed the interest of the defendant Benjamin in the machinery has been sold on execution at the suit of said Sturtevant, who had recovered a judgment in decree against him, for infringement of the patent, I suppose.

Upon examination of the affidavits and consideration of the circumstances of the case, it seems to me proper that the plaintiff should seek his damage at law. As a general rule, a court of equity will not order such a contract to be specifically performed, and in this case such an order has become impossible by the sale of the defendants' one-half of the machinery. On execution, when specific performance cannot be decreed, the negative injunction against dealing with other persons, which is in its nature auxiliary to this relief, will not be issued. There are a few exceptions to this rule, as I said in *Singer Sewing Machine Co.* v. *Union Button-hole Co.* 1 Holmes, 253; still it is the general rule. *Fothergill* v. *Rowland*, L. R. 17 Eq. 132.

Another reason for not enjoining the defendants is, that the contract is one-sided. The plaintiff may order as much or as little peg-wood as he pleases, and is only bound to account for what he actually orders and sells; his stipulation to pay according to the demand

refers only to such goods as he has ordered. He is under no obligation to devote his time or energies in developing the market. He may have done so, as he avers, but the other party has no power to compel him.

A contract thus unequal is not enforced by injunction. The reason is obvious. If I were to enjoin the defendant from selling to any one but the plaintiff, I could not require the latter, on his part, to buy a single roll of peg wood of the defendant. See *Marble Co.* v. *Ripley*, 10 Wall. 339; *Shrewsbury, etc., Ry. Co.* v. *Northwestern Ry. Co.* 6 H. L. 113.

Motion for injunction denied. Restraining order dissolved.